BETH CREIGHTON, OSB #972440
E-mail: *beth @civilrightspdx.com*;
LAURA KOISTINEN, OSB #175123
E-mail: *laura@civilrightspdx.com*
CREIGHTON & ROSE, P.C.
300 Powers Building
65 S.W. Yamhill Street
Portland, Oregon  97204
Phone:   (503) 221-1792
Fax:       (503) 223-1516

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

Case No. 6:16-cv-01063-JR

NICOLE OCHS,

Plaintiff,

vs.

EUGENE EMERALDS BASEBALL CLUB, INC., ELMORE SPORTS GROUP, LTD., and ALLAN BENAVIDES,

Defendants.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEY FEES AND COSTS**

## I. RESPONSE MEMORANDUM

A.   <u>Defendant Provides No Cognizable Basis for an Award of Attorney Fees.</u>

"Congress and the courts have long recognized that creating broad compliance with our civil rights laws, a policy of the 'highest priority,' requires that private individuals bring their civil rights grievances to court. Even when unsuccessful, such suits provide an important outlet

CREIGHTON & ROSE, PC    ATTORNEYS AT LAW
65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
laura@civilrightspdx.com

for resolving grievances in an orderly manner and achieving nonviolent resolutions of highly

controversial, and often inflammatory, disputes. Guaranteeing individuals an opportunity to be

heard in court instead of leaving them only with self-help as the means of remedying perceived

injustices creates respect for law and ameliorates the injury that individuals feel when they

believe that they have been wronged because society views them as inferior. Our system of

awarding attorneys fees in civil rights cases is in large part dedicated 'to encouraging individuals

injured by . . . discrimination to seek judicial relief.'" *Harris v. Maricopa Superior Court*, 631

F.3d 963, 971 (9th Cir 2011) (quoting *Newman v. Piggie Park Enterprises, Inc*. 390 U.S. 400,

402 (1968)). The United States Supreme Court has cautioned district courts to "resist the

understandable temptation to engage in post hoc reasoning concluding that, because a plaintiff

did not ultimately prevail, his action must have been unreasonable or without foundation."

*Christiansburg Garment Co. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421-22

(1978). Additionally, the Ninth Circuit has made clear, "[t]hat [a party] loses at summary

judgment does not render h[er] case *per se* frivolous, unreasonable, or without foundation."

*Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007).[1]

    The appropriate analysis to determine whether attorney fees should be awarded where a

claim is brought that is "unfounded or unreasonable" is under FRCP 11 because, under this rule,

an attorney must assert that the claims it brings "are warranted by existing law." In other words,

the claims must be founded and reasonable. In assessing whether an attorney should be

sanctioned under FRCP 11, courts impose an "objective standard [to determine] whether a

---

[1]ORS 659A.030 claims should be analyzed as Title VII claims because the Oregon
legislature modeled ORS 659A. 030 after Title VII. *Pullom v. United States Bakery*, 477 F.Supp
2d 1093, 1100 (D Or 2007).

CREIGHTON
& ROSE, PC

ATTORNEYS
AT LAW

65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
laura@civilrightspdx.com

reasonable basis for the position exists in both law and in fact at the time the position is adopted." *Larez v. Holcomb*, 16 F.3d 1513, 1522 (9th Cir 1994). If, at the time the position was adopted, there was an objectively reasonable basis "then sanctions should not be imposed." *Id*. "Litigants misuse the Rule when sanctions are sought against a party or counsel whose only sin was being on the unsuccessful l side of a ruling or judgment. *Gairardo v. Ethyl Corp*, 835 F.2d 479, 483 (3rd Cir 1987).

Here, defendant did not seek sanctions upon plaintiff or her counsel. Presumably, defendant did not do so because it did not believe that plaintiff's claims were unfounded or unreasonable when filed. In fact, defendant offered plaintiff a severance package in exchange for a release of her claims, and engaged in settlement discussion with plaintiff's attorney prior to the filing of the lawsuit and even told plaintiff's counsel to "feel free to file your claim." Creighton Decl. ¶ 5. Indeed, looking at the facts of plaintiff's case through an objective lense at the time plaintiff filed her lawsuit, plaintiff's claims could not be said to be unfounded or unreasonable. Plaintiff had been subjected to name calling and yelling by defendant, and had made several protected complaints which she reasonably believed resulted in her termination. This is the type of behavior by an employer made unlawful under ORS 659A. Based on this, as well as the facts and arguments plaintiff described in Plaintiff's Objections to Defendant's Motion for Summary Judgment (Dkt 38) and to the Court's Findings and Recommendations (Dkt 51), at the time Plaintiff filed her complaint, she had an objectively reasonable basis to conclude that her claims were based in existing law.

ORS 659A.885(7)(e) only allows the Court to award reasonable attorney fees incurred by a prevailing defendant "only if the court determines that the plaintiff has *no objectively*

CREIGHTON
& ROSE, PC

ATTORNEYS
AT LAW

65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
laura@civilrightspdx.com

*reasonable basis* for *asserting* a claim[.]"(emphasis added). Thus, a prevailing defendant may be awarded attorney fees if it can prove the plaintiff's claim was *brought* in bad faith or is unreasonable or unfounded. *Chase v. Vernam*, 199 Ore App 129 (2015).[2] In considering whether a plaintiff's claim was unreasonable or unfounded, the court considers the evidence in the light most favorable to the plaintiff. *Id*. at 135.  A claim is "unreasonable, or without foundation when a reasonable lawyer would know that . . . [it] is not grounded in fact or is not warranted . . . by existing law[.]" *McCarthy v. Or. Freeze Dry, Inc.*, 334 Or 77, 87 (2002).  "In determining whether this standard is met, a district court must assess the claim at the time the complaint was filed, and must avoid  post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Tutor-Saliba Corp*., 452 F.3d 1055, 1060 (9th Cit 2006) (quotation marks omitted). Even tenuous circumstances furnishing a basis for a claim may defeat a request for attorney fees by a prevailing defendant. *Karam v. City of Burbank* , 2012 352 F.3d 1188, 1196 (9th Cir 2003). Plaintiff had an objectively reasonable basis for bringing her claims.

Applying the above analysis, courts have consistently rejected defendants' motions for attorney fees where the plaintiff lost on summary judgment. For example, in *Dickson v. International Longshoremen's and Warehousemen's Union, Local 40*, 1985 U.S. Dis. LEXIS 24127 *3 (Oct. 30, 1985) this court granted defendant's motion for summary judgment finding that the plaintiff's Title VII claim was without merit, but denied defendant's motion for attorney fees, being mindful that "individual perceptions of discrimination differ and the purpose of Title

---

[2]Defendant made no indication that the claims were brought in bad faith, but notes "the essential question for the Court. . . is whether Plaintiff's claims in this case were reasonable or unfounded." Def. Mot. for Attny Fees. Dkt. 66 p. 2.

VII is to provide a judicial forum for aggrieved individuals to pursue their claims." *See also*

*Karam* 352 F.3d at 1196 (upholding trial court's summary judgment award to defendant and

upholding denial of defendant's motion for attorney fees ); *Davis v. Con-Way Freight Inc.*, 139

F. Supp. 1224 (D Or 2014) (granting defendant's motion for summary judgment on ADA

discrimination and wrongful discharge claims, but denying defendant's request for attorney fees

because the court would not "go so far as to say that Plaintiff's position lack[ed] any arguable

support or [was] baseless."); *Holder v. Coba* 2012 U.S. Dist. LEXIS 3987 (D Or Jan. 5, 2012)

(no award of attorney fees where summary judgment granted in favor of defendant employer);

*Morgan v. New Horizon Communs.*, 2005 U.S. Dist LEXIS 43324 (D Or Feb. 9, 2005) (no award

of attorney fees where summary judgment granted for defendant employer in an ADA

discrimination suit brought by former employee); *Harrington v.* Ward, 2002 U.S. Dist. LEXIS

94190 (D Or Dec. 21, 2007) (no award of attorney fees for defendant employer who won on

summary judgment because an award of summary judgment "does not demonstrate that

plaintiff's . . . claims were without foundation or frivolous"); *Emeldi v. Univ of OR*, 2014 U.S.

Dist. LEXIS 42111 (D Or Mar 19, 2014) (no award of attorney fees where defendant employer

granted directed verdict on Title IX claim).

Taking the evidence in the light most favorable to the plaintiff here, Ochs had a good

faith belief that she was discriminated against on the basis of her gender and at least one other

employee felt that defendant discriminated against women, and in particular, plaintiff on the

basis of her gender. In her deposition, plaintiff noted that Defendant Benavides called her an

"assface," a "bitch," and screamed at her on a regular basis. When plaintiff complained to DG

Elmore, a superior of Defendant Benavides, she was terminated. Many of these accounts are

CREIGHTON
& ROSE, PC

ATTORNEYS
AT LAW

65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
laura@civilrightspdx.com

corroborated by Sarah Heth, a former employee of defendant, who noted in her deposition that she believed plaintiff was discriminated against because she was a "strong and outspoken women and she [stood] up for herself. As a result, Allan Benavides would call her a 'bitch' on a fairly regular basis." Declaration of Sarah Heth in Opposition to Def's Mot. for Summ. J. ¶ 7 (Dkt 37). In fact, Defendant Benavides admitted to screaming at plaintiff and to calling her a "bitch" to other employees. Pl's Opp'n to Def's Mot. for Summ. J. p. 6 (Dkt 38) Based on these interactions with Defendant Benavides, the facts and arguments set forth in detail in plaintiff's Objections to Defendant's Motion for Summary Judgment (Dkt 38) and to the Court's Findings and Recommendations (Dkt 51), and plaintiff's subsequent termination, plaintiff, her counsel, and Ms. Heth had "individual perceptions" about plaintiff's discrimination leading to plaintiff's founded and reasonable lawsuit.

Ochs also had a good faith belief that she was retaliated against because she made a protected complaint. Defendant argues that because Ochs began making complaints about OLCC violations in 2013 and was not terminated until 2015, in addition to the fact that two other employees made complaints regarding OLCC violations and were not terminated, that shows that plaintiff's claim for retaliation was unfounded and unreasonable. Plaintiff's claims are not unreasonable or unfounded because plaintiff did not make her concern known only one time two years prior. Rather, throughout her employment plaintiff continuously brought her concerns to management regarding OLCC violations. It was not unreasonable for plaintiff to conclude that defendant fired her after it realized that plaintiff was not going to drop the issue regarding OLCC violations. Additionally, the fact that defendant did not fire two other women who made complaints regarding OLCC violations does not mean that defendant did not fire plaintiff for

CREIGHTON & ROSE, PC   ATTORNEYS AT LAW

65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
laura@civilrightspdx.com

making complaints. In fact, the complaints those employees made were directly connected to plaintiff because plaintiff advised the women not to put the handles on the beer kegs if they believed it to be a violation of the law. Creighton Decl. ¶ 2 Ex. 1. Other facts which led to plaintiff's reasonable belief that she was retaliated against for opposing an unlawful practice are set forth in detail in plaintiff's Objection to Defendant's Motion for Summary Judgment (Dkt 38), and plaintiff's objection to the Court's Findings and Recommendations (Dkt 51). Thus, the fact that plaintiff lost on summary judgment is irrelevant because the standard for an award for defendant's attorney fees is not the same.

Although most trial courts are reluctant to grant an award of attorney fees to defendants in civil rights suits, in rare instances where courts have awarded attorney fees they are overturned on appeal. For example, in *Park v. State*, 257 Ore App 553 (2013) the Oregon Court of Appeals reversed the trial courts grant of attorney fees in a Title VII case after plaintiff lost at trial noting that "because a witness was disbelieved or evidence was discredited at trial, . . . even if plaintiff was untruthful as to some details . . . that truthfulness did not make her claim of gender discrimination or retaliation unreasonable or frivolous[.]" *See also Nulf v. International Paper Co.*, 656 F.2d 553 (10th Cir 1981) (Tenth Circuit reversed trial court's award of attorney fees finding that '[w]ithout the benefits of 'hindsight logic' district courts must resist" the temptation to award attorney fees to defendants, and "when the circumstances merit it, courts have been willing to reverse lower court awards of attorney's fees to defendants.").

Here, plaintiff was telling the truth about her treatment with defendant. In fact, in his deposition even Defendant Benavides noted that he may have called plaintiff a "bitch" to other employees. Pl's Opp'n to Def's Mot. for Summ. J. p. 6 (Dkt 38). Although, defendant argues

CREIGHTON
& ROSE, PC

ATTORNEYS
AT LAW

65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
laura@civilrightspdx.com

that plaintiff was not telling the truth about sex discrimination generally in the workplace, even if believed, that is not enough to grant an award of defendant's attorney fees. Defendant's contention that it should be granted an award of attorney fees because the evidence was not in plaintiff's favor, is also insufficient for a grant of attorney fees in this case. The fact that the court found there was not enough evidence to move past summary judgment, does not automatically give defendant a right to attorney fees.

Where attorney fees awards have been granted to defendants it is because the claims are *truly* unfounded and unreasonable. In *Holdner v. Coba*, 2016 U.S. Dist. LEXIS 155492 (D Or Nov. 9, 2016), this court granted an award of attorney fees to a defendant against a pro se plaintiff who had brought claims regarding Oregon's enforcement of water quality standards for the third time but in a different venue. In granting an award of attorney fees of $13,723.80 to defendant, the court noted that the appropriateness of such an award was based on the fact that plaintiff had tried the litigation in multiple venues, had lost in those venues, and had been told that the claims were precluded. This required the defendant to defend against the same plaintiff, multiple times, on claims the plaintiff previously lost and knew he would lose again.

Here, plaintiff brings a claim against defendant for the first time. She has not brought this litigation in any other court and her claims are not precluded. Defendant believed plaintiff had a potential claim when it offered her a severance package of over $9,000 when she was terminated. Defendant also apparently believed her claims were worthy of *some* payment because it offered to waive her right to bring a claim. Creighton Decl.3. Defendant also did not file a motion to dismiss at the beginning of the litigation, apparently believing then that plaintiff's claims were somewhat founded and reasonable.

CREIGHTON
& ROSE, PC    ATTORNEYS
AT LAW

65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
laura@civilrightspdx.com

B. The Attorney Fees Requested are Unreasonable

As discussed above, an award of attorney fees here would be improper. The court has an independent duty to access the reasonableness of any award of fees. *Gordon v. Virtumundo, Inc.*, 2007 U.S. Dis. LEXIS 55941 n. 4 (W.D. Wash., 2007). Additionally, ORS 20.075(2) factors weigh in favor of a finding that defendant's request for attorney fees are unreasonable.

### 1. Factor A: The conduct of the parties in the transactions or occurrences that gave rise to the litigation

Plaintiff brought this claim because she had a good faith belief that she was discriminated against. Plaintiff did not bring this claim based on recklessness or maliciousness. In fact, defendant notes that this factor is "neutral" which further supports a finding that plaintiff's claims were not "unfounded or unreasonable."

### 2. Factor B: The objective reasonableness of the claims and defenses

As stated above, based on the treatment plaintiff received by defendant including being called a "bitch," having her ideas shut down, and failing to take seriously her concerns regarding OLCC violations, plaintiff had an objectively reasonable basis to bring forward claims of sex discrimination and retaliation.

### 3. Factors D & E: The extent to which an award of attorney fees would deter others from asserting good faith claims, and bringing meritless claims

An award of attorney fees would deter others from bringing forth good faith claims. The public policy consideration of statutes like Title VII are "to promote the vigorous enforcement of the provisions of Title VII." *Hughes v. Rowe*, 449 U.S. 5, 15 (1980). Any time a court awards a defendant attorney fees in a case such as this one, it risks violating public policy that seeks to

CREIGHTON
& ROSE, PC

ATTORNEYS
AT LAW

65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
laura@civilrightspdx.com

"avoid discouraging employees from bringing employment discrimination claims" and fails to

"promote the vigorous enforcement of statutes prohibiting employment discrimination."

*Turnbow v. K.E. Enters.*, 155 Ore App 59, 68 (1998).

Here, an award of attorney fees to defendant would send a message to employees who are

considering filing suit against their employers for discrimination that even though they have a

good faith belief that they had been discriminated against, if the court finds that they do not have

enough evidence to move beyond summary judgment, they may be stuck paying defendants'

attorney fees in the amount of an entire year's worth of their salary or more.

### 4. Factor F: Settlement

Defense counsel's suggestion that plaintiff failed to properly engage in settlement

negotiations is not accurate. Prior to the filing the claim, plaintiff engaged defendant in

settlement negotiations. Creighton Decl. ¶ 4. When plaintiff responded to defendant's counter

offer, defense counsel simply responded, "[p]lease feel free to file your claim." Decl. Creighton

¶ 5.  In fact, defense counsel's time records on February 23rd and 24th of 2016, show that plaintiff

had made an offer to defendant. After summary judgment was awarded, defense counsel made a

nominal offer to plaintiff which expired after a three day period. Because the offer was set to

expire, there was no need for plaintiff to respond saying she was declining the offer. Defendant

appears to be arguing that because plaintiff did not accept any of the offers made by defendant

that this weighs in its favor. Plaintiff made offers for settlement herself, carefully reviewed any

offers that defendant made, by either formally rejecting them or letting the offer period expire.

### 5.  Factors G&H: The Amount the Court Should Award

The $71,000 defendant has incurred in attorneys fees throughout this litigation is not

CREIGHTON
& ROSE, PC

ATTORNEYS
AT LAW

65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
laura@civilrightspdx.com

reasonable. First, defendant seeks attorney fees for time spent prior to the case being filed. As stated above, a prevailing defendant may be awarded attorney fees if it can prove the plaintiff's *claim* was *brought* in bad faith or is unreasonable or unfounded. No claim was brought until March 28, 2016, therefore, defendant is not entitled to an award of attorney fees for time prior to March 28, 2016. Second, defendant asserts that it is entitled to time spent by non-attorneys on this case but provides no case law supporting its assertion. Third, defendant's counsel engaged in block-billing, making it "difficult to determine how much time was spent on particular activities." *Welch v. Met. Life Ins. Co.*, 480 F.3d 942, 945 n.2 (9th Cir 2017). District of Oregon courts have a long standing practice of eliminating block-billed time entries from the attorney fee calculation. *See Hells Canyon Pres. Council v. United States Forest Serv.*, 2004 U.S. Dist LEXIS 17113 *8 (D Or Aug. 18, 2004); *United States v. Montagne Dev., Inc.*, 2014 U.S. Dist. LEXIS 73825. Third, defense counsel seeks attorney fees for items like calendaring which is not legal work. Decl. Cassie Jones Ex. 1, p. 17. Fourth, defendant seeks attorneys fees for time that has been double-billed. For example, on October 28, 2016, Cassie Jones and Kristie Samek bill for finalizing initial disclosures. *Id.* at p. 5. On February 24, 2017, Ms. Jones and Ms. Samek both bill for work performed on the second request for production. *Id.* at p. 9. Ms. Jones and Ms. Samek also both bill for correspondence time with the process server on March 3, 2017. *Id.* at p.11. This is only a sampling of the double-billing practices defense counsel engaged in regarding this matter.

### 6. Other Considerations

Defendant's contentions that plaintiff's counsel accused defense counsel of manipulating the investigation into allegations of discrimination, failed to confer, failed to respond to a draft

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
laura@civilrightspdx.com

PAGE 11 – PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR ATTORNEY FEES AND COSTS

protective order "defendants were required to draft," and set the depositions in Portland, provides the court with no context.  In response to defendant's letter responding to plaintiff's demand letter, plaintiff's counsel requested that defense counsel provide details regarding the questions she asked witnesses, because, based on plaintiff's counsel's experience, questions could be manipulated in such a way to benefit defendant. Creighton Decl. ¶ 6. Plaintiff's counsel did not accuse defense counsel of engaging in manipulative practices. Regarding conferral, plaintiff's counsel wrote defense counsel regarding a conferral on a potential motion to compel. A time was set to confer. When defense counsel could not reach plaintiff's counsel at the appointed time, defense counsel emailed plaintiff's counsel. Defense counsel suggested an alternative date to confer, but she was unavailable on that day because she became ill. Creighton Decl. ¶ 7. After that point, the discovery time period expired, so there was no longer a need to confer. Importantly, in the end, plaintiff's counsel never filed a motion to compel, so conferral was not necessary, and would have caused unnecessary expenditure of attorney time to confer on a motion never filed. As to the protective order, plaintiff did not "require" defendant to draft a protective order. Additionally, defendant did not alert plaintiff that it was withholding documents that were confidential, nor did defense counsel follow up with plaintiff's counsel regarding the protective order. Creighton Decl ¶ 8.  Regarding depositions, plaintiff noticed depositions for Portland for defendant after defendant noticed plaintiff's deposition in Eugene, knowing her attorney was in Portland and refused to agree to move the deposition to Portland. The court ruled on this issue and ordered plaintiff's deposition be in Portland, and defendant and any potential witnesses for defendant be in Eugene. Creighton Decl. ¶ 9. Important considerations for the court to consider are the public policy arguments in favor of plaintiff, and the supportive case law

CREIGHTON
& ROSE, PC

ATTORNEYS
AT LAW

65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
laura@civilrightspdx.com

discussed above, in determining an award of attorney fees.

C. Cost Should Not Be Awarded to Defendant

While Fed. R. Civ. P. 54(d)(1) states that "'costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs'. . .  but vests in the district court discretion to refuse to award costs." *AMAE v. California,* 231 F.3d 572, 591 (9th Cir 2000).  *AMAE* delineates those standards for which cost awards must be denied to defendants, and courts in the 9th Circuit have since consistently applied and expanded the *AMAE* standards, as shown below. *See Escriba v. Foster Poultry Farms, Inc.,* 2012 U.S. Dist. LEXIS 6486, at 5.

Plaintiff has brought this action to enforce the state and anti-discrimination statutes. The goal of enforcing anti-discrimination laws, although they were ultimately unsuccessful, are of grave importance to society. The justification for awarding costs in civil rights cases is to effectuate the purpose of the anti-discrimination statutes. *Thornberry v. Delta Airlines,* 676 F2d 1240, 1244 (9th Cir 1986). The costs provision was not enacted to punish unsuccessful plaintiffs for their meritorious claims. To access costs against plaintiff under these circumstances would ultimately have a severe chilling effect, discouraging potential plaintiffs from attempting to enforce the civil rights laws. The chilling effect of a cost award is an appropriate reason to deny costs to prevailing defendants in a civil rights case. *AMAE v. California, supra* at 593. Where an award of costs could "lead to a harsh result that could chill .. .litigants from vindicating important rights" a denial of costs is appropriate. *Mansourian v. Bd. of Regents of the Univ. Of Cal. at Davis,* 566 F.Supp.2d 1168, 1171-72 (E.D.Cal.2008), cited in *Ayala v. Pac. Mar. Ass'n,* 2011

CREIGHTON
& ROSE, PC

ATTORNEYS
AT LAW

65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
laura@civilrightspdx.com

U.S. Dist. LEXIS 143802, at 12. *Ayala* specifies that:

> The civil rights context is special in that the claims and issues involved are almost without exception of great importance, as they involve violation of fundamental rights and often raise concerns relating to the mistreatment of one or several groups, and therefore necessarily have the potential for greater impact and are of elevated public concern. The consideration of a potential chilling effect is intended to ensure that important litigation is not at risk of being discouraged or impaired by potential plaintiffs' fear of costs should their suit prove unsuccessful. For those cases outside the civil rights arena but nonetheless having great importance, the capacity for broader impact and of public concern, there is no reason why chilling ought not be considered as a factor in the Court's decision regarding costs. This is a case in which the chilling factor is applicable, as it raises the same concerns traditionally involved in a civil rights case.
> *Id.,* at 12-13.

Costs over $3,500 have been have been determined potentially discouraging to future litigants "seeking to protect important rights [and] should not be overlooked." "In *Rivera,* the costs totaled $84,434.40, but, divided among 23 plaintiffs, came to $3,671.06 for each. Here, the total cost of $39,772.61 would come to $3,571.43 for each of the seven Plaintiffs. *Id.,* at 14-15. *Rivera v. NIBCO,* 701 F.Supp.2d 1135 (E.D.Cal., 2010). Here, Defendant is claiming costs of $2539.50. Awarding costs in this case would chill litigants from attempting to vindicate important civil rights in the future. Moreover, the defendant did not use the transcripts to which it seeks reimbursement for Defendant Benavides or Chris Bowers in its Motion for Summary Judgment or its Reply and copying costs of $141 are not supported by any receipts or statement that those copies were necessary.

///

///

///

///

CREIGHTON
& ROSE, PC

ATTORNEYS
AT LAW

65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
laura@civilrightspdx.com

## II. CONCLUSION

Based on the above, plaintiff respectfully requests that defendant's motion for attorney fees and costs be denied in its entirety.

DATED this 19ʰ day of March, 2018.           CREIGHTON & ROSE, PC

                                              *s/ Laura Koistinen*
                                              Beth Creighton, OSB #972440
                                              beth@civilrightspdx.com
                                              Laura Koistinen, OSB #175123
                                              laura@civilrightspdx.com
                                              Of Attorneys for Plaintiff
                                              Tel: (503) 221-1792

CREIGHTON
& ROSE, PC   ATTORNEYS
AT LAW
65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
laura@civilrightspdx.com